IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LUIS DIAZ-GUILLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:15-cv-01101-NJR |
| | ) | |
| J.D. VIEREGGE, | ) | |
| BRENT ELLIS, | ) | |
| AARON L. LAY, | ) | |
| MATT MCCONKEY, | ) | |
| VIPIN SHAH, and | ) | |
| JAY L. SWANSON | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Luis Diaz-Guillen is currently incarcerated at the Western Illinois Correctional Center in Mt. Sterling, Illinois, but was previously incarcerated at the Fayette County Jail in Vandalia, Illinois. (Doc. 1 at 1.) Proceeding *pro se*, Diaz-Guillen has filed a civil rights action pursuant to 42 U.S.C. § 1983 against various jail staff and the former Sheriff of Fayette County, along with medical officials who seemingly evaluated him during his tenure at the jail. (*Id.* at 1-3.) Diaz-Guillen alleges that the defendants violated his constitutional rights by exposing him to inhumane conditions at the Fayette County Jail and by failing to treat medical issues caused by the conditions at the jail. (*Id.* at 5-6.) He seeks monetary damages. (*Id.* at 8.)

This matter is now before the Court for a preliminary review of Diaz-Guillen's complaint pursuant to 28 U.S.C. § 1915A. Under 28 U.S.C. § 1915A, the Court shall review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." During this preliminary review under § 1915A, the court

"shall identify cognizable claims or dismiss the complaint, or any portion of the complaint," if the complaint "is frivolous, malicious, or fails to state a claim on which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief."

## Background

At some unspecified point prior to his incarceration at Western, Diaz-Guillen was housed at the Fayette County Jail for an eighteen-month period. (Doc. 1 at 1, 5.) During his time at the jail, Diaz-Guillen says he was housed in a cell with an atmosphere "filled with friable asbestos" and with walls "filled with black mold." (*Id.* at 5-6.) While his complaint is not specific, he claims that Vieregge, Ellis, Lay, and McConkey were involved with this placement and with the failure to remove him from the cell. (*Id.*) Diaz-Guillen developed sinus complications from the exposure to asbestos and mold, and at some unknown point Dr. Shah and Dr. Swanson became involved in his care. (*Id.* at 6.) Diaz-Guillen claims that both doctors failed to provide timely treatment for his condition, which ultimately developed into a "mass which hung down from the roof of his mouth." (*Id.*) The mass was eventually removed by a surgeon, leaving Diaz-Guillen with a hole in his mouth that he must clean out to prevent further problems. (*Id.*)

On October 6, 2015, Diaz-Guillen filed a § 1983 complaint in this Court. (*Id.* at 1.)

## Discussion

Diaz-Guillen's complaint first alleges that Vieregge, Ellis, Lay, and McConkey exposed him to improper conditions in his cell at the jail (**Count 1**), so the Court will start with that claim. It is unclear whether Diaz-Guillen was a pretrial detainee or a prisoner at the jail: pretrial detainee claims concerning improper conditions are cognizable under the Fourteenth Amendment, while prisoner conditions claims are cognizable under the Eighth Amendment. *Rice v. Correctional Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012). Either way, "courts still

look to Eighth Amendment case law in addressing the claims of pretrial detainees, given that the protections of the Fourteenth Amendment's due process clause are at least as broad as those that the Eighth Amendment affords to convicted prisoners." *Id*. To state a conditions claim under either amendment, a prisoner must first allege that the adverse conditions were sufficiently serious, and must then allege that the named defendants possessed a "sufficiently culpable state of mind." *Smith v. Dart*, — F.3d —, 2015 WL 5656844, at *3 (7th Cir. Sept. 25, 2015).

Diaz-Guillen runs into trouble on the second requirement, namely intent on the part of the named parties. To satisfy this element, a plaintiff must allege that each defendant was personally involved in his claim – that each defendant possessed a "purposeful, a knowing, or possibly a reckless state of mind with respect to the defendant's actions (or inaction) toward the plaintiff." *Id.* While personal involvement can be inferred at the pleading stage of a conditions case for senior officials when a plaintiff alleges systemic conditions, more localized conditions issues do not enjoy the same presumption – in those cases a plaintiff must explain how each defendant was involved in the conditions. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1428-29 (7th Cir. 1996). Here, Diaz-Guillen has not included enough detail about the conditions at the jail to suggest that there was a widespread, systemic problem with asbestos or mold; his narrative focuses only on problems in his own cell. In addition, Diaz-Guillen has not laid out how the defendants knew of the conditions in his cell yet failed to act or were otherwise reckless. Without more developed allegations on these points, Diaz-Guillen has not alleged personal involvement on the part of each defendant, and **Count 1** must be dismissed without prejudice. Diaz-Guillen is free to file an amended complaint that elaborates on the conditions at the jail or puts forth allegations explaining how the named defendants were told of the problems in his cell yet failed to assist.

Diaz-Guillen next alleges that Dr. Shah and Dr. Swanson delayed treating his sinus conditions at the jail, in violation of his Eighth or Fourteenth Amendment rights (**Count 2**). To state a medical claim under either amendment, a plaintiff must "allege deliberate indifference to his serious medical needs." *Burton v. Downey*, — F.3d —, 2015 WL 5894126, at *6 (7th Cir. Oct. 8, 2015). "[D]eliberate indifference" is a robust state of mind requirement – a "defendant's inadvertent error, negligence, or even ordinary malpractice" is insufficient to rise to the level of a constitutional violation. *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996). Rather, deliberate indifference exists when an official engages in "criminal recklessness" – that is, ignorance of "a known risk." *McGee v. Adams*, 721 F.3d 474, 480-81 (7th Cir. 2013). Here, Diaz-Guillen has pled very little about Dr. Shah and Dr. Swanson's involvement in his care: he claims in a conclusory manner that both doctors delayed treatment, but he includes no particulars as to when he first developed sinus issues, when he first told the doctors about that problem, or how they delayed care. Without that information, he has not pled enough to allege deliberate indifference on the part of Dr. Shah or Dr. Swanson related to his care, and thus **Count 2** must be dismissed without prejudice. Like his conditions claim, Diaz-Guillen may file an amended complaint that explains how Shah and Swanson were aware of his need for treatment and how they responded.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, Plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that, should Plaintiff wish to proceed with this case, Plaintiff shall file his First Amended Complaint within 35 days of the entry of this order (on or before **November 20, 2015**). He should label the form First Amended Complaint, and he should use the case number for this action. An amended complaint supersedes and replaces all previous

complaints, rendering previous complaints void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to a complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the amended complaint. Failure to file a First Amended Complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g). No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: October 16, 2015

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**