IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LUIS DIAZ-GUILLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:15-cv-01101-NJR |
| | ) | |
| J.D. VIEREGGE, | ) | |
| BRENT ELLIS, | ) | |
| AARON L. LAY, | ) | |
| MATT MCCONKEY, | ) | |
| VIPIN SHAH, and | ) | |
| JAY L. SWANSON | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Luis Diaz-Guillen is currently incarcerated at the Western Illinois Correctional Center in Mt. Sterling, Illinois, but he was previously incarcerated at the Fayette County Jail in Vandalia, Illinois. (Doc. 7 at 6.) Proceeding *pro se*, Diaz-Guillen has filed a civil rights action pursuant to 42 U.S.C. § 1983 against various jail staff, along with medical officials who evaluated him during his time at the jail. (*Id.* at 1-2.) Diaz-Guillen alleges that the defendants violated his constitutional rights by exposing him to inhumane conditions at the Fayette County Jail and by failing to treat medical issues caused by the conditions at the jail. (*Id.* at 5-6.) He seeks monetary damages. (*Id.* at 8.)

Diaz-Guillen filed an initial complaint on October 6, 2015. (Doc. 1.) The Court dismissed the complaint for its failure to state an adequate claim for relief. Specifically, as to his improper conditions claim, he did not allege personal involvement on the part of Defendants Vieregge, Ellis, Lay, and McConkey or systemic conditions that would obviate the need to plead personal

involvement as to senior prison officials. He also failed to allege that Defendants Shah and Swanson were aware of his need for medical treatment and responded with deliberate indifference.

On November 16, 2015, Diaz-Guillen timely filed an amended complaint (Doc. 7). This matter is now before the Court for a preliminary review of the amended complaint pursuant to 28 U.S.C. § 1915A. Under 28 U.S.C. § 1915A, the Court shall review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." During this preliminary review under § 1915A, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint," if the complaint "is frivolous, malicious, or fails to state a claim on which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief."

## Background

Diaz-Guillen was housed at Fayette from February 2011 through August 2012 as a pre-trial detainee. (Doc. 1 at 6.) During his time at the jail, Diaz-Guillen claims he was housed in a cell with a ventilation system that produced excessive odors, heat, humidity, stagnant air, fungus, mold, and problems with asbestos. (*Id.*) He alleges that these conditions caused personal discomfort and a cancerous mass that "hung down from the roof of his mouth." (*Id.*) The removal of the mass left a permanent hole on the roof of his mouth and required that he wear a facemask. (*Id.*)

Diaz-Guillen alleges he complained to Dr. Shah and Dr. Swanson for over year about his medical complications. He also states he informed them of sinus problems that developed in May 2012. (*Id.* at 7.) On May 17, 2012, both physicians allegedly refused to perform surgery on the plaintiff for "an additional couple of months" before finally removing the cancerous mass. (*Id.*)

Additionally, the prison doctors failed to provide Diaz-Guillen with pain medication following the surgery. (*Id.*)

## Discussion

Diaz-Guillen's allegation that Vieregge, Ellis, Lay, and McConkey exposed him to improper conditions in his cell at the jail (**Count 1**) is still subject to dismissal. To state a conditions claim under the Fourteenth Amendment, a prisoner must first allege that the adverse conditions were sufficiently serious and, secondly, that the named defendants possessed a "sufficiently culpable state of mind." *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015).

Diaz-Guillen has failed to allege intent on the part of the named parties. To satisfy this element, a plaintiff must allege that each defendant was personally involved in his claim—that each defendant possessed a "purposeful, a knowing, or possibly a reckless state of mind with respect to the defendant's actions (or inaction) toward the plaintiff." *Id.* While personal involvement can be inferred at the pleading stage of a conditions case for senior officials when a plaintiff alleges systemic conditions, more localized conditions issues do not enjoy the same presumption—in those cases, a plaintiff must explain how each defendant was involved in the conditions. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1428-29 (7th Cir. 1996). Here, Diaz-Guillen still has not included enough detail about the conditions at the jail to suggest that there was a widespread, systemic problem with asbestos or mold; while he refers to the jail's ventilation system, his narrative focuses only on problems in his own cell. In addition, Diaz-Guillen has not laid out how the defendants knew of the conditions in his cell and yet failed to act or were otherwise reckless. Without more developed allegations on these points, Diaz-Guillen has not alleged personal involvement on the part of each defendant, and **Count 1** must be dismissed without prejudice.

Diaz-Guillen's allegation that Dr. Shah and Dr. Swanson delayed treating his medical conditions (**Count 2**) may proceed. To state a medical claim under the Fourteenth Amendment, a plaintiff must "allege deliberate indifference to his serious medical needs." *Burton v. Downey*, 805 F.3d 776, 784 (7th Cir. 2015). To state a claim for deficient medical care, a prisoner must establish that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001). The complaint alleges an objectively serious medical condition: Diaz-Guillen asserts he developed a cancerous growth in his mouth and related sinus problems that caused serious pain for a significant period of time. *See Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997).

Prison officials act with deliberate indifference when they "realize[] that a substantial risk of serious harm to a prisoner exists, but then disregard[] that risk." *Perez v. Fenoglio*, 792 F.3d 768, 776-77 (7th Cir. 2015) (citing *Farmer*, 511 U.S. at 837). "Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal quotation marks and citations omitted). However, the Constitution does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Further, a defendant's inadvertent error, negligence, or even ordinary malpractice is insufficient to rise to the level of a constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

Here, Diaz-Guillen alleges that he complained to Dr. Shah and Dr. Swanson about his medical condition for over a year. Despite this fact, however, the doctors delayed treating his

serious medical condition for several months, thereby extending Diaz-Guillen's pain and discomfort. Further, even after surgically removing the cancerous growth that had amassed in Diaz-Guillen's mouth, the amended complaint alleges that the doctors refused to provide him with pain medication. These allegations warrant further factual development to determine whether Dr. Shah and Dr. Swanson were deliberately indifferent to Diaz-Guillen's medical condition. Therefore, **Count 2** survives preliminary review.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff may proceed on **COUNT 2** against Defendants **SHAH** and **SWANSON**.

**COUNT 1** is **DISMISSED** without prejudice. Defendants **VIEREGGE**, **ELLIS**, **LAY**, and **McCONKEY** are **DISMISSED** from this action without prejudice.

As for **COUNT 2**, the Clerk of Court shall prepare for Defendants **SHAH** and **SWANSON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending

the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **DONALD G. WILKERSON** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **DONALD G. WILKERSON** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral*.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court,

who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  February 16, 2016**

*[signature: Nancy J. Rosenstengel]*

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**