IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LUIS M. DIAZ-GUILLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 3:15-cv-1101-NJR-DGW |
| VIPIN SHAW and JAY L. SWANSON, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion to State a Condition Claim under the Fourteenth Amendment, construed by the Court as a Motion to Amend, filed by Plaintiff Luis M. Diaz-Guillen (Doc. 12).  For the reasons set forth below, the Motion is **GRANTED IN PART AND DENIED IN PART**.

On March 2, 2016, Plaintiff filed the Motion to Amend now before the Court seeking to add a Fourteenth Amendment conditions of confinement claim against J.D. Vieregge, the Fayette County Jail Administrator, Brent Ellis, Chief Deputy at Fayette County Jail, Matt McConkey, a Correctional Officer at Fayette County Jail, and Aaron Lay, Acting Sheriff at the Fayette County Jail.  Said claim was dismissed without prejudice at threshold by District Judge Nancy J. Rosenstengel due to Plaintiff's failure to allege intent on the part of the named parties.  Along with his motion to amend, and in accordance with Local Rule, Plaintiff submitted his proposed amended complaint for review.  Plaintiff's proposed amended complaint generally reiterates his deliberate indifference claim against Defendants Dr. Shah and Dr. Swanson.

Federal Rule of Civil Procedure 15(a) states that a party may amend a pleading and leave to

amend should be freely given "when justice so requires".   The Seventh Circuit liberally allows amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977).   This Circuit recognizes "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989).    A court may deny a party leave to amend if there is undue delay, dilatory motive or futility. *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

The Court finds that the conditions of confinement claim set forth in Plaintiff's proposed amended complaint is neither unduly delayed nor futile.  Importantly, Plaintiff has included sufficient detail alleging that J.D. Vieregge, Matt McConkey, and Aaron Lay knew of the conditions in his cell and failed to act or were otherwise reckless.   However, the allegations are insufficient to state a claim against Brent Ellis as Plaintiff merely indicates he wrote a "request to talk to Deputy Brent Ellis but he refuse to talk to me."   This allegation is simply insufficient to indicate that Mr. Ellis had sufficient knowledge of the conditions in Plaintiff's cell and failed to act.

Accordingly, Plaintiff's Motion to Amend the Complaint (Doc. 12) is **GRANTED IN PART** as to the addition of a conditions of confinement claim against defendants J.D. Vieregge, Matt McConkey, and Aaron Lay, and **DENIED IN PART** as to the addition of a conditions of confinement claim against Brent Ellis.

The Clerk of Court is **DIRECTED** to electronically file Plaintiff's proposed amended complaint as the First Amended Complaint.  For clarification, the Court reiterates that the First Amended Complaint does not state any claim against Brent Ellis.

Page **2** of **3**

The Clerk of Court shall prepare for Defendants **J.D. Vieregge, Matt McConkey, and Aaron Lay**: 1) Form 5 (Notice of a Lawsuit and Request to Waive Service of Summons), and (2) Form 6 (Waiver of Service of Summons).   The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Order to Defendants' place of employment as identified by Plaintiff.   If Defendants fail to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendants, and the Court will require Defendants to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.   Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court.   Plaintiff shall include with the original paper to be filed a certificate of service stating the date on which a true and correct copy of any document was served on Defendant or counsel.   Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

**IT IS SO ORDERED.**

**DATED: May 24, 2016**

**DONALD G. WILKERSON**
**United States Magistrate Judge**