IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LUIS M. DIAZ-GUILLEN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 3:15-CV-1101-NJR-DGW ) |
| J.D. VIEREGGE, AARON L. LAY, MATT MCCONKEY, VIPIN SHAH, and JAY L. SWANSON, | ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Now pending before the Court is the motion to dismiss for Failure to State a Claim pursuant to Rule 12(b)(6) (Doc. 42) and Supplement thereto (Doc. 45) filed by Defendants J.D. Vieregge, Matt McConkey, and Aaron L. Lay. For the reasons set forth below, the motion is granted.

### RELEVANT BACKGROUND

Plaintiff Luis M. Diaz-Guillen, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit on October 6, 2015 pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was detained at the Fayette County Jail. Diaz-Guillen's initial complaint was dismissed for failure to state an adequate claim for relief (*see* Doc. 4); however, at the direction of the Court, Diaz-Guillen filed an amended complaint on November 16, 2015 (*see* Doc. 7). Diaz-Guillen later was granted leave to file a second amended complaint (incorrectly designated as the First

Amended Complaint on the docket), which is the operative complaint in this matter (Doc. 16). In the operative complaint, Diaz-Guillen sets forth a Fourteenth Amendment conditions of confinement claim against Defendants Vieregge, McConkey, and Lay for exposing Diaz-Guillen to improper conditions in his cell at the Fayette County Jail.

Defendants Vieregge, McConkey, and Lay filed a motion to dismiss on December 6, 2016, and a supplement thereto on January 4, 2017. Diaz-Guillen did not file a response to the December 6 motion and, despite being provided notice that the Court would consider the arguments in Defendants' supplement, Diaz-Guillen again failed to respond by the May 19, 2017 deadline (*see* Doc. 61).

In their motion to dismiss, Defendants assert the complaint should be dismissed because it was filed more than two years after the cause of action accrued and, insofar as the complaint may be read to plead a claim of deliberate indifference against Defendants, any such claim was insufficiently pleaded. In their supplement, Defendants address the issue of tolling of the statute of limitations as relates to Diaz-Guillen's exhaustion of administrative remedies. In particular, Defendants assert that Diaz-Guillen's administrative remedies became "unavailable" to him, at the latest, on August 27, 2012, when he transferred out of the Fayette County Jail and into IDOC custody. Therefore, Defendants argue, the two-year statute of limitations period began to run on that date.

## LEGAL STANDARD

### Federal Rule of Civil Procedure 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal if a

complaint fails to state a claim upon which relief can be granted. In considering a motion to dismiss, the Court accepts as true all well-pleaded allegations in the complaint and draws all possible inferences in favor of the plaintiff. *See Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (quotations omitted). A plaintiff need not set out all relevant facts or recite the law in his or her complaint; however, the plaintiff must provide a short and plain statement that shows that he or she is entitled to relief. *See* FED. R. CIV. P. 8(a)(2). Thus, a complaint will not be dismissed if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Additionally, "[a]llegations of a *pro se* complaint are held 'to less stringent standards than formal pleadings draft by lawyers ... Accordingly, *pro se* complaints are liberally construed." *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted).

**Statute of Limitations**

Although Section 1983 does not contain an express statute of limitations, it is well established in this Circuit that the appropriate statute of limitations period for Section 1983 cases is two years, as set forth in 735 ILCS § 5/13-202, which prescribes that actions for personal injury must be commenced within two years after the cause of action accrued. *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998) (citations omitted).

Pursuant to 735 ILCS 5/13-216, "[w]hen the commencement of an action is stayed by ... *statutory prohibition*, the time of the continuance of the ... prohibition is not part of the time limited for the commencement of the action" (emphasis added). Importantly,

the Prison Litigation Reform Act ("PLRA") requires inmates to exhaust administrative remedies prior to filing suit under § 1983. *See* 42 U.S.C. § 1997(e)(a). Accordingly, the Seventh Circuit has held that a federal court relying on the Illinois statute of limitations in §1983 cases *must* toll the limitations period while a prisoner completes the administrative grievance process. *Johnson v. Rivera*, 272 F.3d 519, 522 (7th Cir. 2001).

### DISCUSSION

Defendants Vieregge, Lay, and McConkey assert that dismissal is appropriate because Diaz-Guillen's cause of action accrued on August 27, 2012, when he was transferred from the Fayette County Jail to IDOC custody, but he did not file his lawsuit until October 6, 2015, well after the statute of limitations expired. This Court previously denied Defendant Dr. Swanson's motion to dismiss, brought forth on a similar basis, finding Dr. Swanson failed to account for the exhaustion period. Defendants Vieregge, Lay, and McConkey argue the accrual date for the claims pending against them is different than the accrual date for the claim against Dr. Swanson. The Court agrees.

Significantly, Diaz-Guillen's conditions of confinement claim against Defendants Vieregge, Lay, and McConkey necessarily relates to conditions in his cell at Fayette County Jail, whereas Diaz-Guillen's claim against Dr. Swanson relates at least in part to his time in IDOC custody. Thus, even if the Court finds that Diaz-Guillen's complaint indicates he made attempts to exhaust his administrative remedies, thereby tolling the relevant limitations period, once he transferred from Fayette County Jail to IDOC custody, any such tolling stopped for claims that occurred at the Fayette County Jail. Simply put, once Diaz-Guillen was moved out of the Fayette County Jail in August 2012

and into IDOC custody, he clearly was not going to receive a response to any grievances he may have filed. As such, the two-year statute of limitations period began to run. *See Merritte v. Lasalle County Sheriff's Office*, No. 14-C-7058, 2015 WL 8986857, at * 7 (N.D. Ill. Dec. 16, 2015). Based on this timeline, Diaz-Guillen had to file his complaint prior to August 27, 2014, in order to comply with the statute of limitations. Diaz-Guillen did not file his original complaint until October 6, 2015, more than one year after the limitations period on his claims arising from his time at Fayette County Jail expired.

Based on this finding, the Court need not consider whether Diaz-Guillen stated a claim for deliberate indifference against Defendants Vieregge, McConkey, and Lay as it would necessarily be dismissed in light of the foregoing.

## Conclusion

For these reasons, Defendants J.D. Vieregge, Matt McConkey, and Aaron L. Lay's Motion to Dismiss for Failure to State a Claim pursuant to Rule 12(b)(6) (Doc. 42) is **GRANTED**, and these Defendants are **DISMISSED with prejudice**. Further, in light of this ruling, Defendant Vieregge, McConkey, and Lay's Motion to Stay Discovery and Deadlines (Doc. 56) is **MOOT**. Plaintiff Luis Diaz-Guillen is now proceeding in this action only against Defendants Dr. Shah and Dr. Swanson for deliberate indifference for delaying treatment for his serious medical condition.

**IT IS SO ORDERED.**

**DATED:** June 20, 2017

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**