IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LUIS DIAZ-GUILLEN,** | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:15-cv-1101-NJR-DGW |
| **VIPIN SHAH and JAY L. SWANSON,** | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

**WILKERSON, Magistrate Judge**

Pending before the Court is a Motion for Judgment on the Pleadings filed by Defendant Dr. Jay Swanson (Doc. 66). For the reasons set forth below, the Motion is **CONVERTED** to a Motion for Summary Judgment for Failure to Exhaust Administrative Remedies, Plaintiff Luis Diaz-Guillen is GRANTED through February 22, 2018 to file any additional materials regarding grievances against Dr. Swanson and the Motion for Summary Judgment is **SET** for hearing on February 26, 2018 at 1:30 p.m. in the East Saint Louis Courthouse before Magistrate Judge Donald G. Wilkerson, with Plaintiff to appear by videoconference.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Luis Diaz-Guillen was previously incarcerated at the Fayette County Jail in Vandalia, Illinois (Doc. 7, p. 6) Proceeding *pro se*, Diaz-Guillen filed a civil rights action pursuant to 42 U.S.C. § 1983. The Court conducted a threshold review pursuant to 28 U.S.C. § 1915A and allowed Diaz-Guillen to proceed on one claim of deliberate indifference to a serious medical need against Defendants Dr. Shah and Dr. Swanson (Doc. 8). On May 19, 2017 Swanson filed the pending Motion for Judgment on the Pleadings (Doc. 66). Diaz-Gullien filed a Response (Doc. 75) on August 17, 2017 and a Declaration in Opposition (Doc. 76) on August 25, 2017.

ANALYSIS

Swanson's Motion for Judgment on the Pleadings was filed pursuant to Federal Rule of Civil Procedure 12(c) (Doc. 67, p. 3). The argument raised by Swanson is that he is entitled to Judgment on the Pleadings because Diaz-Gullien failed to exhaust his administrative remedies (Doc. 67, p. 4). Failure to exhaust administrative remedies, however, is an affirmative defense that Defendants have the burden of proving. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006). Thus, Diaz-Gullien was not obligated to plead exhaustion in his Complaint.

While an affirmative defense can be a basis for a Rule 12(c) motion, where a party submits matters outside the pleadings the motion should be converted to a motion for summary judgment under Rule 56 and the parties must be given an opportunity to present additional materials relevant to the motion. Fed. R. Civ. P. 12(d); *U.S. v. Rogers Cartage Co.,* 794 F.3d 854, 861 (7th Cir. 2015).

Here, Swanson attached almost 500 pages of documents to his motion, including: the Grievance Procedure for Offenders (Doc. 67-1), Plaintiff's IDOC file (Doc. 67-2), Plaintiff's IDOC Grievances (Doc. 67-3), and Plaintiff's IDOC Medical Grievances (67-4). Because Swanson asks the Court to consider voluminous records that are not part of the pleadings, the Court finds it proper to convert Swanson's Motion for Judgment on the Pleadings to a Motion for Summary Judgment for Failure to Exhaust Administrative Remedies.

CONCLUSION

Swanson's Motion for Judgment on the Pleadings is hereby **CONVERTED** to a Motion for Summary Judgment for Failure to Exhaust Administrative Remedies. Plaintiff Luis Diaz-Guillen is **GRANTED** through February 22, 2018 to file any additional materials regarding grievances he made against Dr. Shah that were not already included in his Response (Doc. 75) or

Declaration in Opposition (Doc. 76). It is **FURTHER ORDERED** that the Motion for Summary Judgment is **SET** for hearing on February 26, 2018 at 1:30 p.m. in the East Saint Louis Courthouse before Magistrate Judge Donald G. Wilkerson. Plaintiff shall appear by videoconference.

**SO ORDERED.**

**DATED: February 9, 2018**

                                          **DONALD G. WILKERSON**
                                          **United States Magistrate Judge**