IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LUIZ DIAZ-GUILLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:15-CV-1101-NJR-DGW |
| | ) |
| JAY SWANSON, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 87) on the Motion for Judgment on the Pleadings filed by Defendant Jay Swanson (Doc. 66). Although filed as a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, Magistrate Judge Wilkerson converted the motion to a Motion for Summary Judgment on the issue of exhaustion of administrative remedies, pursuant to Rule 12(d) (Doc. 80). After giving notice to the parties and allotting time to provide additional materials in response to the summary judgment motion, Magistrate Judge Wilkerson held a motion hearing on February 26, 2018 (Doc. 86). He then entered the Report and Recommendation on February 27, 2018 (Doc. 87). For the reasons explained below, the Court adopts Magistrate Judge Wilkerson's Report and Recommendation.

Plaintiff Luis Diaz-Guillen filed this lawsuit pursuant to 42 U.S.C. § 1983 on October 6, 2015. After the dismissal of several other defendants, Diaz-Guillen is proceeding on one count of deliberate indifference against Defendant Dr. Jay Swanson.

Specifically, Diaz-Guillen claims Dr. Swanson delayed treating his medical conditions and refused to give him pain medication for a painful, cancerous mass in his mouth (Doc. 7).

On May 19, 2017, Dr. Swanson filed a motion for judgment on the pleadings related to Diaz-Guillen's failure to exhaust his administrative remedies. Dr. Swanson argued that Diaz-Guillen never filed a grievance against him regarding the medical treatment at issue in this case. Dr. Swanson also contends that, even if a grievance could be construed to apply to him, Diaz-Guillen failed to appeal the grievance to the ARB, as required to properly exhaust under the Prison Litigation Reform Act (PLRA). After holding an evidentiary hearing on exhaustion pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Magistrate Judge Wilkerson entered the Report and Recommendation currently before the Court. Objections to the Report and Recommendation were due March 16, 2018. None were filed.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court may then

"accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

While a *de novo* review is not required here, the Court has carefully reviewed the evidence and Magistrate Judge Wilkerson's Report and Recommendation for clear error. Following this review, the Court fully agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson. After considering Diaz-Guillen's testimony at the *Pavey* hearing, Magistrate Judge Wilkerson concluded that Diaz-Guillen was first treated by Dr. Swanson at the Fayette County Jail, and thus his complaints about Dr. Swanson accrued while he was housed at Fayette. Although Diaz-Guillen also was treated by Dr. Swanson after he was transferred to the Illinois Department of Corrections, Magistrate Judge Wilkerson found he was not required to file multiple grievances against the same doctor just because he had been transferred to IDOC custody. Magistrate Judge Wilkerson further found that because Diaz-Guillen was not informed of the grievance procedure while at Fayette, the grievance process was made unavailable, and Diaz-Guillen is deemed to have exhausted his administrative remedies.

The Court agrees that Diaz-Guillen's claim against Dr. Swanson accrued while he was housed at Fayette. Furthermore, because the prison did not inform Diaz-Guillen of the grievance procedure at Fayette, the grievance process was rendered unavailable to Diaz-Guillen. *See White v. Bukowski*, 800 F.3d 392, 397 (7th Cir. 2015) ("Prisoners are required to exhaust grievance procedures they have been told about, but not procedures they have not been told about."). Thus, he has exhausted his administrative remedies with regard to Dr. Swanson.

For these reasons, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 87). The Motion for Judgment on the Pleadings filed by Defendant Jay Swanson, which was converted to a Motion for Summary Judgment on the issue of exhaustion of administrative remedies (Doc. 66), is **DENIED**.

**IT IS SO ORDERED.**

DATED: March 19, 2018

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**